STATE OF FLORIDA, ex rel. S. C. TAYLOR, *Petitioner*, vs. CITY OF JACKSONVILLE, and another, *Respondents*.

En Banc.

Opinion filed March 24, 1931.

Petition for rehearing denied June 22, 1931.

*P. H. Odom* and *George C. Bedell*, for Petitioner;

*Austin Miller, Gov Hutchinson, Emmet Safay*, and *Harvey Mabry*, for Respondents.

TERRELL, J.—Petitioner S. C. Taylor, submitted plans and specifications to the commissioner of buildings of the City of Jacksonville and requested a permit to construct a building for business purposes on a lot described therein. The permit was refused because the lot so described was located in a district zoned as "Residence A District" under city Ordinance S-35.

In February 1930, this Court granted its alternative writ of mandamus directed to the City of Jacksonville and its commissioner of buildings commanding them to issue said permit to the petitioner or to show cause why they refuse so to do. The case is here to be considered on a motion to quash the alternative writ.

It is first contended by the petitioner that Chapter 9783, Laws of Florida, Acts of 1923, empowering the City of Jacksonville to enact a zoning ordinance is invalid because the subject matter thereof is not briefly expressed in the title.

This question has been so fully discussed in prior decisions of this Court we do not feel that a lengthy treatment of it here would serve any useful purpose. We have examined both the title and body of the act and while the title is afflicted with verbosity and is loosely constructed, we think we may reasonably hold that its terms are sufficient to put one on notice that power to pass a zoning ordinance may be embraced therein. State ex. rel. Moodie vs. Bryan 50 Fla. 293, 39 So. Rep. 929; Gainesville Gas and Electric Power Company vs. City of Gainesville 63 Fla. 425, 58 So. Rep. 785; Ex parte Pricha, 70 Fla. 265, 70 So. Rep. 406; Hayes vs. Walker 54 Fla. 163, 44 So. Rep. 747.

It is next contended that Section Fifteen of Chapter 9783 Acts of 1923, Laws of Florida is void and unconstitutional because it creates an administrative body or board and delegates to it general legislative power.

Section Thirteen of Chapter 9783, Acts of 1923 authorizes the City of Jacksonville to pass zoning ordinances and Section Fourteen of the same act in effect provides that before such ordinance is passed, a comprehensive plan for zoning the city shall be prepared and submitted

to the mayor and city council by the city commission. It is also provided that notice shall be advertised and a public hearing be held thereon and that during the period the notice runs the proposed plan and ordinance shall be on file in the office of the city recorder for public examination. Section Fifteen provides that all zoning regulations be enforced and administered by the inspector of buildings under rules and regulations of the city commission and that said *city commission shall hear and decide appeals and review any order, decision, requirement, or determination made by the inspector of buildings in the enforcement of zoning regulations.*

We do not think this provision amenable to the assult made on it. In taking such a position, we do not renounce the doctrine of the non delegability of powers which has become so firmly embedded in our tri partite scheme of government but on account of the inability of the three branches to respond to the demands of a changing social order the legislatures have created and the courts, both state and federal, have approved what the law, writers choose to call the fourth power in government, the administrative, which for practical purposes coordinates the other three departments and makes for a more flexible and efficient administration. The Supreme Court of the United States early ·held that no fundamental or whole power could be delegated but that the power· to supply the details and apply the policy as expressed by the legislature to changing factual conditions could be. Railroad Com. Cases 116 U.S. 307, Wayman vs. Southhard 6. U.S. 311, 10 Wheaton 1; Hampton vs. United States 276 U.S. 394, 72 L.Ed. 624, 48 Sup. Ct. Rep. 348, Express Co. vs. Railroad Co. 111 N.C. 463; Burlington & C. R. R. Company vs. Dey 82 Ia. 312,

Chicago & C. R. R. Co. vs. Jones 149 Ill. 361, Georgia & C. R. R. Co. vs. Smith 70 Ga. 694.

It cannot be said that administrative boards such as we are concerned with here do not perform certain judicial or quasi judicial functions but from an analysis of the foregoing and other cases, the courts in holding them good have proceeded on the theory that governmental administration is a practical matter and that the incidental exercise of the functions of one department by another is not an impairment of the doctrine of the non delegation of powers.

Here we have a case in which zoning regulations are required to be administered by the inspector of buildings under rules and regulations prescribed by the city commission which is also authorized to review the finding of the inspector of buildings. In other words the city commission through the inspector of buildings is authorized to administer or apply the policy as expressed by the legislature. This court has repeatedly approved such procedure. Theisen vs. McDavid 34 Fla. 440, 16 So. 321; State vs. Atlantic Coast Line Railroad Co. 56 Fla. 617, 47 So. 969; Taylor vs. Roberts 84 Fla. 654, 94 So. 874; 6 R.C.L. 178.

It is next contended that Ordinance S-35 is bad and ineffective for the following reasons: (1) It is not made to appear that the zoning map accompanying it was prepared by the commission and that the proceedings of the commission are of record as required by law, (2) It does not appear that the zoning map was approved by the council or that the council adopted the zoning ordinance as required by law. (3) The zoning map is made a part of the ordinance yet it does not appear to be published and is not attached to the ordinance as passed

and approved by the mayor, and (4) It does not appear that the zoning map was drawn and filed as required by law, nor that it was properly connected with the ordinance.

This contention in its entirety has reference to proceedings generally essential to the enactment of a valid ordinance but the ordinance on its face appears to have been regularly enacted and all requirements essential to its validity complied with. Where this is the case all presumptions will be indulged in favor of its validity and if attacked, the burden is on him who makes the attack to establish its invalidity or irregularity. State *ex. rel.* Crow vs. St. Louis 169 Mo. 31, 68 S.W. Rep. 900; Pickton vs. City of Fargo 10 N.D. 469; 88 N.W. Rep. 90; State *ex rel.* vs. City of Atchison 92 Kan. 431, 140 Pac. Rep. 873; Ann. Cas. 1916 B 500; 19 C.L. 901. The bare charge of invalidity unsupported by facts or proof as is the case here will not prevail against the presumption of validity.

It is finally contended that Ordinance S-35 is arbitrary and unreasonable when applied to the property of petitioner.

It has been frequently held that if the application of a zoning ordinance has the effect of completely depriving an owner of the beneficial use of his property it would become the duty of the zoning board to relax its restrictions so as to prevent confiscation of a complainant's lands without compensation otherwise the ordinance would be held bad. State ex. rel. Helseth vs. DuBose et al. 99 Fla. 812, 128 So. 4; Sundlum vs. Zoning Board of Review of City of Pawtuckett R.I. ...., 145 Atl. Rep. 451.

This holding is predicated on the constitutional guar-

anty protecting the ownership and use of property, that "There can be no conception of property aside from its control and use" upon which its value depends and that the owner's right to a free exercise of its use cannot be cut off without compensation except by a legitimate exercise of the police power.

It cannot be questioned that the application of zoning ordinances frequently amounts to inroads on the ownership and use of private property that would have been condemned as arbitrary and unreasonable before the advent of our industrial era. Such applications present mixed questions of law and social economics and find their justification only in some aspect of the police power asserted fairly and impartially in the interest of the public welfare, health, safety, and morals.

When the police power has been asserted in this wise, the determination of public officials in the premises duly authorized will not be disturbed by the courts unless it clearly appears that their action has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, morals, safety, or welfare. State ex rel. Helseth vs. Du-Bose, et al. and cases there cited.

The record and brief of counsel present the case of petitioner in a very able manner but we are not convinced that the ordinance assaulted offends against the rule as above approved. The motion to quash the alternative writ is therefore granted.

BUFORD, C.J., AND WHITFIELD, BROWN, AND DAVIS, J.J., concur.

ELLIS, J., concurs in the conclusion.