46 So.2d 601 (1950)
STATE ex rel. OFFICE REALTY CO.
v.
EHINGER et al.
Supreme Court of Florida, en Banc.
May 30, 1950.
Aronovitz & Aronovitz, Miami, for appellant.
Alley, Drew, Burns & Middleton and E. Harris Drew, West Palm Beach, for appellees.
SEBRING, Justice.
The appellant has appealed from a judgment quashing an alternative writ of mandamus action brought to compel the issuance of a permit for the erection of an apartment house on property zoned exclusively for one-family dwellings. The order which formed the basis for the judgment is worded as follows:
"This cause was duly presented by counsel for the parties and considered by the Court.
"Petitioner seeks to void a municipal zoning ordinance and require the City [of Palm Beach] to issue a permit for an *602 apartment house in a residential area, largely because of a municipal beach across the street, undue traffic by the place, depreciation in value, and because property, not contiguous but to the South of Petitioner's property, had been zoned for apartment house purposes by the City.
"No apartment areas adjoin petitioner's property.
"While the value of this particular property might well be enhanced should petitioner place an apartment house on it rather than a residence, I am not satisfied that would be in the best interest of the municipality, or fair to the owners of adjoining residential property. `Spot zoning' has a proper place in the development of a zoning plan, but the facts  aside from the conclusions  do not appear to be sufficient to require such zoning for this property which has been zoned as residential over 20 years last past. A stronger showing than this should be made before the Court should declare the ordinance void.
"Thereupon, it is ordered and adjudged that the demurrer and motion to quash the alternative writ be granted, with leave to petitioner to seek an amended alternative writ within 20 days from date."
Following the entry of this order the appellant elected not to plead further, whereupon the trial court entered the final judgment appealed from.
We find no error in the judgment entered by the trial court. A regularly enacted ordinance will be presumed to be valid until the contrary is shown, and a party who seeks to overthrow such an ordinance has the burden of establishing its invalidity. State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114. In case an ordinance dealing with property zoning is the subject of dispute, the court will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is "fairly debatable." City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364.
It is apparent from a study of the order which formed the basis for the final judgment sought to be reviewed that the trial court had these foregoing principles in view at the hearing on the motion to quash and correctly applied them to the allegations of the alternative writ of mandamus.
Affirmed.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS, HOBSON, and ROBERTS, JJ., concur.