63 So.2d 493 (1953)
CITY OF MIAMI BEACH
v.
HOGAN.
Supreme Court of Florida, en Banc.
January 27, 1953.
Rehearing Denied March 26, 1953.
Ben Shepard, Miami, for petitioner.
Hoffman, Kemper & Johnson, Miami, for respondent.
MATHEWS, Justice.
The City of Miami Beach filed a petition on April 4, 1952 to condemn the property in question for park purposes, pursuant to resolution theretofore adopted declaring it to be necessary to acquire the property for park purposes.
On the 29th of April, 1952 the respondent, who was the owner of a portion of the property, filed a bill of complaint attacking the reasonableness of the zoning ordinance as being unconstitutional and invalid as applied to her property and praying the court to enjoin the city from interfering with the use of the property for hotel purposes, and she also prayed for an order staying the proceedings in the condemnation suit until final determination of the issues in the equity suit.
*494 On the 23rd of July she filed an amendment to the bill of complaint alleging that she had petitioned the city council to change the zoning on her property so that the property might be used for multiple family apartments and hotels. In the amendment she alleges the city council, by unanimous vote, had denied her petition.
The city filed a motion to dismiss. Thereafter the court denied the motion to dismiss and entered an order staying the prosecution of the condemnation proceedings until the final disposition of the equity case. The petition for certiorari is to review the above-mentioned order.
The grounds of the motion to dismiss were the failure of the bill of complaint to state a claim upon which equitable relief could be granted and that the bill of complaint, as amended, affirmatively showed that the plaintiff had not exhausted her administrative remedies.
The respondent relies upon the case of City of Miami Beach v. First Trust Company, Fla., 45 So.2d 681, which is sometimes referred to as the "Firestone Case." In that case the lower court granted the relief prayed for by the property owner and the case was affirmed on rehearing with a divided court. The "Firestone Case" has some features similar to those in the case at bar. However, in the "Firestone Case" the condemnation suit was not filed until approximately six months after the re-zoning suit had been instituted and the owners of the property had applied for relief to the Zoning Board for adjustment before they instituted suit. These facts do not appear in the case at bar.
The Zoning Ordinance was adopted December 3, 1930, pursuant to Chapter 9837, Special Acts of 1923. This was the general and comprehensive zoning ordinance. At the time of its adoption the population of the City of Miami Beach was about 6,000. No one could visualize the rapid progress, development and growth of Miami Beach, and no doubt if those who adopted the zoning ordinance could have prophesied the future growth of Miami Beach, the zoning restrictions would have been tighter and more provision would have been made for parks, playgrounds and access to the ocean.
Prior to the opinion in the case of the City of Miami Beach v. First Trust Company, supra, decided July 5, 1949, and the rehearing opinion handed down March 10, 1950, this court had adhered to the doctrine that a regularly enacted ordinance will be presumed to be valid until the contrary is shown and a party who seeks to overthrow such an ordinance has the burden of establishing its invalidity. State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114.
With reference to zoning ordinances the court had announced the doctrine that in case an ordinance dealing with the property zoned is the subject of dispute, the court will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is "fairly debatable." City of Miami Beach v. Ocean & Inland Company, 147 Fla. 480, 3 So.2d 364.
In the case of City of Miami Beach v. First Trust Company, supra (opinion on rehearing granted), the court departed from this doctrine and upheld the substitution of a judgment of the Chancellor for that of the municipal officials.
In the case of State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601, decided May 30, 1950, which is subsequent to the opinion on rehearing in City of Miami Beach v. First Trust Company, supra, this court went back to its original holding in the case of State ex rel. Taylor v. City of Jacksonville, supra, and City of Miami Beach v. Ocean and Inland Company, supra, to the effect that with reference to zoning, the court will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is "fairly debatable."
There must be a line drawn somewhere in all zoning ordinances. There must be a line beyond which business houses and hotels cannot be constructed, if there is to be any controlled plan with reference to the growth and development of a municipality along orderly lines.
*495 In all heavily populated municipalities the police power should be exercised by municipal officials to afford all of the people light, air, an opportunity for recreation, and, in the case of Miami Beach, sufficient park space or other space at public expense to enable all of the people a view of the ocean, the enjoyment of sunshine, fresh air and the actual use of the ocean for the general purposes recognized everywhere. The people of a municipality have a particular right to use the ocean and the land lying between mesne highwater mark and mesne lowwater mark for the purposes universally recognized.
If all of the ocean front of Miami Beach was devoted to hotel purposes, then the citizens generally would have no access to the ocean unless they should become guests at one of the hotels.
The landowner in this case sat idly by and took no action about the zoning ordinance adopted on December 3, 1930 until it brought this suit. After the city had decided to acquire the property by the exercise of the power of eminent domain the landowner goes into a court of equity in an attempt to have the property rezoned, not because it wishes to erect a hotel, but because if it is rezoned for hotel use, the value will be greatly increased and the city will be compelled to pay the increased value brought about by rezoning in order to obtain the property for a public purpose.
From 1930 until the institution of this suit the City of Miami Beach had grown from a population of about 6,000 to a population of 45,541. The landowner now seeks to reap the benefit of an unearned increment when the very growth and the development of the City of Miami Beach is due in large measure to the zoning ordinance which the landowner now seeks to change for her own benefit.
The allegations of fraud are wholly insufficient and the question of necessity in the absence of bad faith or fraud rests wholly in the discretion of the city officials.
The condemnation suit was instituted prior to the suit in equity and no reason appears why the landowner cannot litigate the questions of good faith and necessity in the condemnation suit, as provided by the law relating to eminent domain.
If the Courts adopt the policy of substituting their judgments for that of city officials, simply because of their refusal to rezone the property in accordance with the wishes of the landowner to increase the value of the land, they will eventually become the zoning boards for every county and municipality in the State.
Petition for certiorari be and the same is hereby granted and the orders complained of be and the same are hereby quashed.
THOMAS, SEBRING, ROBERTS and DREW, JJ., concur.
HOBSON, C.J., and TERRELL, J., dissent.