63 So.2d 496 (1953)
SEGAL
v.
CITY OF MIAMI.
Supreme Court of Florida, en Banc.
February 6, 1953.
Rehearing Denied March 26, 1953.
Helliwell, Clark & Guilmartin, Miami, for appellant.
John E. Cicero and Olavi M. Hendrickson, Miami, for appellee.
WARREN, Associate Justice.
The appellant is the owner of nine contiguous lots lying along and on the east side of Northwest 27th Avenue in the city of Miami, and of four contiguous lots lying along and on the west side of Northwest 26th Avenue; all of the lots are in the same block and the rear of the four lots adjoins the rear of a portion of the nine lots. Appellant operates, mainly on the 27th Avenue lots, and has since 1945, a zoological and botanical garden which includes the keeping of animals, birds and fish upon said premises. The 27th Avenue lots are in a B-3 or liberal business zone which permits appellant's operations, while the four 26th Avenue lots are in a R-1 or single-family residence zone. If the zoning ordinance were enforced appellant's business would be prohibited on these latter four lots and he, therefore, filed his bill for injunction and other relief.
At the time of taking testimony it was stipulated that the issues would be limited to (1) whether or not the zoning of the four lots as R-1 was unreasonable by virtue of changed conditions since the original zoning of the property; (2) whether or not an alleged non-conforming use of two of the four lots existed prior to August 8, 1934 (the effective date of the R-1 zoning of these lots) such as to cause them to be exempt from the restrictions of the R-1 classification; and (3) whether or not the city was estopped from enforcing the zoning ordinance as to the other two of the four lots by virtue of the issuance of certain building permits on said lots, however, this last question was not urged by appellant before the court. It was also stipulated *497 that prior to suit appellant had applied for administrative relief to the city planning board and to the city commission but such relief had been denied.
The lower court found the equities of the cause with the defendant city, stating in its final decree that "The plaintiff seeks to have this Court force the City to liberalize the zoning on the 26th Avenue lots because of the effect upon them of the liberalized B-3 classification given to his adjoining lots which face on 27th Avenue. This Court cannot substitute its judgment for administrative zoning policy for the area, nor has there been any showing made here to support a decision that it is not proper zoning practice to have property zoned R-1 adjacent to property zoned B-3 without some buffer zoning between. The plaintiff's application does not appear to be made on any such general basis, but with reference to the actual conditions caused by his own operations on his lots which are zoned B-3. Plaintiff is seeking to obtain relief for a portion of his property from a condition which he himself has created and is maintaining on the balance of his property. Moreover, it was argued, not without some convincing force, in view of the history and duration of plaintiff's operations on his R-1 lots in violation of zoning limitations, that any order by this Court directing an administrative revision of the zoning of the R-1 lots would furnish an opportunity to plaintiff for further litigation and delay while continuing to use the lots in violation of zoning limits."
Appellant's first contention is that the single-family zoning of the four lots under present conditions is so unreasonable as to be confiscatory and should be set aside. While zoning restrictions are subject to change or removal when the reason for them ceases, where there is any reasonable argument on the question the legislative will must prevail. State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541; City of Miami Beach v. State, 128 Fla. 750, 175 So. 537; City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601. An examination of the record is convincing that unreasonableness of the zoning is debatable. The indications are that if there were any changed conditions they were largely produced by the expanding pursuits of the appellant after he became the owner of the business; for instance, among other things, he testified that he acquired perhaps a dozen and a half monkeys when he purchased the business, but subsequently increased this number to 150 or 200. On the other hand, witnesses who had resided in what appeared to have been a quiet if not tranquil neighborhood for many years, testified that appellant's business use of the four lots, if continued, would greatly impair the residential value of the neighborhood.
The facts peculiar to the particular case must govern in contests of this nature and for this reason the cases of Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, Ehinger v. State, 147 Fla. 129, 2 So.2d 357, Ex parte Wise, 141 Fla. 222, 192 So. 872, Town of Surfside v. Normandy Beach Development Co., Fla., 57 So.2d 844, 845, referred to by appellant, cannot be applied to the present controversy, although apparently stating applicable principles.
The record does not demonstrate that the application of the single-family residence restriction to appellant's property will have the effect of completely depriving him of the beneficial use of his property, State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114, or will preclude all uses, or the only use, to which it is reasonably adapted, Forde v. City of Miami Beach, supra. Whether it is good zoning here to create a single-family zone adjacent to a liberal business zone without a buffer in some form is a matter for the city, and the court will not substitute its judgment.
Appellant next insists that a non-conforming use of two of the lots prior to passage of the zoning ordinance exempted them from the residential classification. The lower court found this contention not established by competent proofs or by a preponderance of the evidence, and this finding is borne out by the record. The matters related by the witnesses on this *498 point were of an isolated or inconsequential and insubstantial nature and to some extent the activities that many individuals might normally conduct on their premises.
Appellant's last point is that the lower court could not, as a condition precedent to applying for further relief, require him to restore his property to a R-1 use instanter, without allowing him his right of appeal, reference being made to paragraph 6 of the final decree. It is the view of the court that there is no basis for the proviso, to wit, "and provided there has been prompt and continued compliance with the R-1 zoning limitations on the said 26th Avenue lots from the date of this decree," and it will be treated as surplusage.
In all other respects the decree is affirmed.
TERRELL, Acting Chief Justice, and THOMAS, SEBRING, ROBERTS, MATHEWS and DREW, JJ., concur.