67 So.2d 646 (1953)
CITY OF MIAMI BEACH
v.
SILVER.
Supreme Court of Florida. Special Division B.
October 23, 1953.
Ben Shepard and Joseph A. Wanick, Miami Beach, for petitioner.
Daniel Neal Heller and Caldwell, Miami Beach, Parker, Foster & Wigginton, Tallahassee, for respondent.
DREW, Justice.
The respondent, a medical doctor, filed a bill of complaint for injunction and other relief against the City of Miami Beach questioning the right of the city, under its zoning laws, to deny him an occupancy permit to use a piece of property as a combined home and office for himself. The city's motion to dismiss was denied and it petitions for interlocutory certiorari.
The complaint, after alleging the respondent's ownership of certain property, sets forth:
"That the above premises so described are on the west side of Collins Avenue facing the ocean, and immediately adjoining the said premises on the south are an automobile parking lot and a gasoline filling station and immediately adjoining the premises on the north is an automobile parking lot and facing the property to the east are numerous resort hotels."
The plaintiff proceeds to allege in substance that respondent had made certain alterations and repairs to his property and now desires to use same "for his home as well as for an office in which to conduct his professional practice as a regularly licensed physician," but that the city under its zoning ordinance refuses to give respondent *647 a certificate of occupancy for such purposes because the area in question is zoned "REE", which use is prohibited in that area.
The full text of the Miami Beach zoning ordinance is attached as an Exhibit to the complaint. It appears from said ordinance that District "REE" permits residential uses, multiple level automobile parking garages, including "parking, washing and greasing of cars, and the supplying of gasoline, oil, water and air to such vehicles," and certain other uses not pertinent to this decision.
Respondent alleges that said ordinance and the acts of the city officials in enforcing it constitute "an unreasonable and unlawful restraint of the plaintiff's right to engage in his stated profession and (has) caused the plaintiff and will cause the plaintiff irreparable damage and injuries for which plaintiff has no adequate remedy at law * * *"; that it is "unconstitutional as to him" and violates his constitutional rights in that it is "unreasonable, arbitrary, discriminatory and an invasion of property rights, without relation to public health, safety, morals or general welfare * * *"; and finally the complaint alleges that plaintiff believes "there is nothing more objectionable in operating the practice of a physician than there is in operating the various parking lots and gasoline filling stations" surrounding his property, that he is not operating a nuisance, but his work as a physician will enrich and protect the general welfare, and his neighbors want his presence in their midst.
The question here presented is:
"Where a bill of complaint alleges that a section of a zoning ordinance which excludes `professional offices' but permits `multiple level garages' in an `REE' multiple family use district is unconstitutional, but no facts are alleged to show that such classification has no relationship to `The General Welfare,' does the Circuit Court err in holding such bill sufficient and overruling the city's motion to dismiss?"
When a city council, after being duly authorized by legislative grant, enacts a comprehensive zoning code, the ordinance is presumptively valid. City of Miami Beach v. Hogan, Fla., 1953, 63 So.2d 493; State ex rel. Office Realty Co. v. Ehinger, Fla. 1950, 46 So.2d 601; State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114.
One who assails such legislation must carry the burden of both alleging and proving that the municipal enactment is invalid. State ex rel. Taylor v. City of Jacksonville, supra. The burden of one who attacks such an ordinance has been called an extraordinary one. King v. Guerra, Tex. Civ.App., 1927, 1 S.W.2d 373. Allegations in such an attack which are conclusions of the pleader are not enough. To say that a zoning code is bad simply because it permits one type of business in a given district and prohibits another does not meet the burden of alleging ultimate facts. There is a presumption that in the adoption of this ordinance there was found to exist by the City Council of Miami Beach such facts as justified the establishment of use district "REE" and the exclusion therefrom of all uses save those expressly permitted therein. See City of Miami Beach v. Hogan, supra. A person who questions such a finding must allege and thereafter prove such facts as to make it appear the statute is invalid. See State ex rel. Taylor v. City of Jacksonville, supra.
Respondent's complaint failed to meet this burden. Therefore the petition for certiorari is hereby granted and the order denying the motion to dismiss is hereby quashed.
TERRELL, Acting C.J., and SEBRING and HOBSON, JJ., concur.