68 So.2d 570 (1953)
ATLANTIC COAST LINE R. CO. et al.
v.
CITY OF JACKSONVILLE.
Supreme Court of Florida. En Banc.
December 11, 1953.
Ragland & Kurz, Jacksonville, for appellants.
William M. Madison and O.O. McCollum, Jr., Jacksonville, for appellee.
DREW, Justice.
This is an appeal from a final decree entered by the Circuit Court of Duval County upholding the validity of a zoning ordinance. The pertinent portions of the decree in which the facts are set forth with the conclusions thereon reached are:
"Plaintiffs acquired the property involved in 1908, and have continuously held the same without devoting it to any use. Said property was designated as an Industrial `A' District in 1930, and such designation continued until the rezoning as a Residence `B' District by Ordinance No. CC-27, enacted on September 11, 1951. Since the original zoning in 1930, there has been no business or industrial development of the property involved, or the area immediately surrounding, except the establishment of a box factory just opposite the land in question, west of Pearl Street, which caused the residents of the neighborhood to protest and resulted in the enactment of Ordinance No. CC-27, the validity of which is contested here. The Foley Lumber Company has expanded by manufacture of concrete blocks to the east of the property in question, but the Foley plant appears to be separated from the property involved by other property designated for Residence `B' uses, and, like the other business near it, has access to Main Street, in a business area, well removed from the area involved. Except for the box factory, the property involved is practically surrounded by an area devoted principally to single-family residences, *571 mostly homesteads, some twenty-one of which have been constructed in the nearby block in the period from 1945 through 1952. Although the small triangular block adjoining the plaintiff's right-of-way on the north is designated as a Business `B' District, it is wholly occupied and used for single-family homesteads. While one resident of the area, who lived north of the railroad tracks, testified that he would have no objection to the proposed warehouse and thought the box factory was an asset to the community, two nearer residents testified that the proposed use of the property would be detrimental to their residential properties and raising of families. Plaintiffs' expert witness, J. Alvin Register, stated that in his opinion the best possible use of the property was as warehouse property, but the warehouse should be restricted as to height and type and class; that a factory would be detrimental to the neighborhood, and that the property was usable for residential purposes by dividing it into about six lots and a street for access.
"2. Ordinance No. CC-27, designating the plaintiffs' property herein involved as a Residence `B' District, within the meaning and subject to the general provisions of the comprehensive zoning code of the City, did not restrict the use of plaintiffs' railroad track so that use thereof would constitute a violation of the ordinance; but, on the contrary, the provisions of said comprehensive zoning code specifically provide that uses as `Railroad or street railway passenger station and right of way, not including railway yards or sheds', are permitted in such Residence `B' districts.
* * * * * *
"4. There is no evidence that the property in question is reasonably usable only for uses allowed in Industrial `A' Districts, or that it is not reasonably usable for some or all of the uses permitted in a Residence `B' District, or that the City Council or City Commission arbitrarily or unreasonably abused their discretion in rezoning said property from an Industrial `A' to a Residence `B' District.
"5. That from 1930, when the property was zoned Industrial `A', until 1951, when the box factory was built over objections which caused the zoning change, and except for an expansion by Foley Lumber Company, the only development of adjacent areas has been for residential purposes.
"It is, thereupon, Ordered, Adjudged and Decreed as follows:
"(a) That the defendant's exceptions to the Master's Report be, and they are hereby sustained and allowed.
"(b) That Ordinance No. CC-27 be, and it hereby is, declared to be valid, and enforceable in all respects.
"(e) (Sic) That the injunctive relief prayed for by the plaintiffs be, and the same hereby is, denied.
"(d) That this cause be, and the same hereby is, dismissed at the cost of the plaintiffs, and that the defendant do have and recover of and from the plaintiffs its costs in the sum of $40.00 so expended by it for reporter's fees, and the further sum of $125.00 for the use and benefit of Albion Knight, Esquire, Special Master, which sum is found to be, and is allowed as a reasonable fee for his services herein, for which total sum let execution issue."
We find ample support in the record for the findings of the lower court. It follows, therefore, that the decree must be affirmed on the authority of State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601; City of Miami Beach v. Hogan, Fla., 63 So.2d 493; Segal v. City of Miami, 63 So.2d 496.
Neither the decree of the court below, nor this opinion and judgment, shall be construed to prevent the granting of a variance concerning the subject property *572 to appellant under the applicable provisions of the Zoning Code of the City of Jacksonville, if the City Commission should determine that such variance would be in harmony with the general purposes and intent of its Zoning Code to the end that the public health, safety and general welfare may be secured and substantial justice done.
Affirmed.
TERRELL, SEBRING, MATHEWS and HOBSON, JJ., concur.
ROBERTS, C.J., and THOMAS, J., dissent.