TERRELL, Justice.
This case was submitted to the court at the same time City of Miami Beach v. Ralph Lackman et al. and other cases (ten in all) were submitted. 71 So.2d 148. Disposition was delayed because certiorari had been taken to the Supreme Court of the United States and was pending at.the time the other cases were considered. Since certiorari has been denied, we now proceed to disposition of the cause. See Hogan v. City of Miami Beach, 346 U.S. 819, 74 S.Ct. 33; Elsalto Real Estate, Inc. v. City of Miami Beach, 346 U.S. 820, 74 S.Ct. 34.
The amended bill of complaint prayed that zoning ordinance 289 of the City of Miami Beach enacted December 20, 1930, restricting the use of plaintiff’s property to R-AA Estate District, (single family residence) be decreed to be unreasonable, arbitrary, confiscatory and unconstitutional and that this court permanently enjoin the City of Miami Beach from enforcing said zoning ordinance against the plaintiff’s property, the same being lots 1, 2, 3, 4, and 5, Indian Beách Corporations Subdivision according to the amended plat of said subdivision, recorded in plat book 8, at page 61 of the public records of Dade County, Florida.
A motion to strike and a motion to dismiss the amended bill were overruled. We are confronted with an appeal by certiorari to review and quash this order. The property of respondents is bounded on the north by Lots 6, 7, and 8, Indian Beach Corporation’s Amended Subdivision, which is being condemned by the City of Miami Beach for park or public bathing beach purposes. It is bounded on t'he east by the Atlantic Ocean, on the south by the Firestone Estate and on the west by Collins Avenue or Indian Creek. If the condemnation proceedings are completed and the city acquires Lots 6, 7 and 8 for park or bathing beach purposes, it will form a natural barrier 300 feet across to the north of petitioners’ property which, will isolate and leave it in the samé situation- as the Firestone Estate which we dealt. with in City of Miami Beach v. First Trust Co., Fla., 45 So.2d 681. All the .elements that induced the removal, of zoning, restrictions in the Firestone prop-, erties apply to respondents’ properties; provided, however, no final judgment should be entered in this cause until it can be de *726 termined by the lower - court whether or-not the City of Miami Beach shall acquire, by condemnation or otherwise, Lots -6, 7 and-8 above mentioned, or whether it has elected to not acquire such property for park purposes. If and when the title to such lots for park purposes is acquired, we think the case is'ruled by the City of Miami Beach v. First Trust Co., last-cited. See" also Town of Surfside v. Normandy Beach Development Co., 57 So.2d 844. If, however, the' City of Miami Beach should fail to acquire the property for park purposes, then this casé would be ruled by City of Miami Beach v. Lachman, 71 So.2d 148, filed December 11, 1953; unless such property is acquired by the City of Miami Beach for park purposes within a reasonable time to be determined by the Chancellor, then certiorari should issue and the order should be quashed under the authority of our case last above mentioned and filed December 11, 1953.
The petition for certiorari is accordingly denied.
It is so ordered.
ROBERTS, C. J., and SEBRING, MATHEWS and DREW, JJ., concur.
THOMAS', J., agrees to conclusion.
HOBSON, J., not participating.