## MIDCENTURY CORP., et al v. CITY OF MIAMI BEACH.

Circuit Court, Dade County.

June 1, 1954.

Sibley & Davis, Miami Beach, for plaintiffs.

Ben Shepard, city attorney, Miami Beach, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

The pleadings and the evidence in this suit (tried before the court), as well as the arguments of counsel, have been carefully considered.

The motion of the defendant to dismiss the plaintiffs' bill of complaint, as amended, is denied.

Because of the provisions of this decree no ruling on the defendant's motions to strike certain parts of such bill is required.

The court finds and decrees that the challenged ordinance of the defendant municipality (its ordinance #289, as amended), in so far as it prohibits the use by the plaintiffs of the real property described in such bill (lot 4 and the south one-half of lot 5 in block 30 of Fisher's First Subdivision, a plat of which is recorded in plat book 2, at page 77, of the public records of Dade County) for the purpose of constructing thereon a building in which, on the upper floors, there shall be a multiple level garage and, on the ground floor, there shall be stores (as shown or indicated by the drawing, marked "Exhibit G," appended to the plaintiffs' bill, which was introduced in evidence as the plaintiffs' exhibit #8) and for the purpose of operating such garage and stores in such building when it shall have been constructed, is now, and was at

the time of the institution of the condemnation proceeding hereinafter mentioned, unreasonable and void. The defendant municipality is therefore enjoined from enforcing the mentioned ordinance for the purpose of preventing or interfering with such use.

The plaintiffs' prayer that the defendant municipality be enjoined from further prosecuting that certain condemnation proceeding (#28593) pending in this court, wherein the city of Miami Beach is the petitioner and Shore Investment Co. and others are the defendants, and for other incidental injunctive relief, is denied (on the authority of City of Miami Beach v. Hogan (Fla.), 63 So. 2d 493) because the questions of good faith and necessity, which the plaintiffs have sought to litigate in this suit, can and ought to be litigated in the condemnation proceeding which was instituted before this suit was commenced. The institution and pendency of the eminent domain proceeding, however, do not militate against the granting of the relief which by this decree is accorded the plaintiffs. The property has not yet been appropriated. It may never be. Until it is, the plaintiffs have the right (which they had before the eminent domain proceeding was initiated) to devote the property to the uses hereinabove specified. The cited case is not authority supporting the contention that the right does not now exist and cannot arise or be exercised until the defendant municipality's effort to appropriate the property shall have been defeated or abandoned.

The defendant city is required to pay all taxable costs of the suit; and jurisdiction of the cause is retained for the purpose of determining and taxing such costs and providing for their recovery.