97 So.2d 473 (1957)
CITY OF MIAMI BEACH, a municipal corporation organized and existing under the laws of the State of Florida, Appellant,
v.
Preston G. PREVATT, as ancillary administrator in Estate of Edith L. Trees, Deceased, et al., Appellees.
CITY OF MIAMI BEACH, a municipal corporation organized and existing under the laws of the State of Florida, Appellant,
v.
Gilda DAHLBERG, a widow, and Polly Lux, a free dealer, Appellees.
CITY OF MIAMI BEACH, a municipal corporation organized and existing under the Laws of the State of Florida, Appellant,
v.
TEDLAND REALTY CORPORATION, a Florida corporation, Appellee.
Supreme Court of Florida.
July 24, 1957.
Rehearing Denied September 18, 1957.
*474 Ben Shepard, Joseph A. Wanick and Anderson & Nadeau, Miami, for appellant.
Hoffman, Kemper & Johnson, Miami Beach, and Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellees.
Warren, Klein & Moore and Sibley & Davis, Miami Beach, for intervenors.
DREW, Justice.
These zoning cases were consolidated for trial in the lower court and after trial a decree was entered favorable to the contention of the property owners that the zoning ordinance of the City of Miami Beach, which classified the three parcels of land involved in the litigation in the three suits as single family estates, was unconstitutional and void insofar as it applied to their lands. The trial court decreed that the property owners were entitled to use their lands in such manner as would permit the construction thereon of apartments or hotels and enjoined the city from enforcing the zoning ordinance insofar as it limited the use of several properties to single family estate purposes.
Following the entry of the decree of the lower court certain property owners in the affected area applied to the lower court for permission to intervene, which was denied. Certiorari was taken to this Court. The order denying the right of the property owners to intervene was quashed and the intervention was allowed. Wags Transportation System, Inc., v. City of Miami Beach, Fla., 1956, 88 So.2d 751. Thereafter the city and the intervenors appealed and the three suits were consolidated by this Court for consideration and are disposed of by this single opinion.
The subject zoning ordinance of the City of Miami Beach was adopted December 3, 1930 pursuant to Chapter 9837, Special Acts of 1923, and at a time when the population of the City of Miami Beach was about 6,000. The several parcels of land involved in this litigation are a part of a strip of land approximately a mile and a half in length from north to south between the Firestone estate and the Royal York Hotel property and lying between Collins Avenue and the Atlantic Ocean. The 1930 ordinance classified this property in a manner which restricted its use to single family purposes. Its designation under the ordinance as single family estates has remained in effect from the date of the ordinance to this time. Similar land lying to the south of the aforementioned strip of land was classified in a like manner under the original zoning ordinance but in the case of City of Miami Beach v. First Trust Co., Fla. 1949, 45 So.2d 681, this Court held on rehearing that such original ordinance, insofar as it applied to the land involved in that litigation (the old Firestone estate consisting of some 7 1/2 acres), was unconstitutional and void. The result of that decision was to reclassify the lands there in question for hotel and apartment house purposes. This decision was handed down in 1949 and marked the beginning of a long series of cases obviously designed to open up all of the property above described north of the Firestone estate for hotels and apartments.
The next case which appeared before us involving portions of this land was City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148, wherein we reversed a decree of the trial court which held the ordinance aforesaid unreasonable and unconstitutional as to ten separate parcels of land lying within this area of approximately a mile and a half. In that case we again approved and confirmed the "fairly debatable" rule in zoning litigation which, it was argued, had been abandoned or overruled in City of Miami Beach v. First Trust Company, supra. On this subject and with reference to this rule, this Court said, speaking through Mr. Justice Mathews, in City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493, 494:
"In the case of State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601, *475 decided May 30, 1950, which is subsequent to the opinion on rehearing in City of Miami Beach v. First Trust Co., supra, this court went back to its original holding in the case of State ex rel. Taylor v. City of Jacksonville [101 Fla. 1241, 133 So. 114], supra, and City of Miami Beach v. Ocean & Inland Co. [147 Fla. 480, 3 So.2d 364], supra, to the effect that with reference to zoning, the court will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is `fairly debatable.'"
Reverting now to City of Miami Beach v. Lachman, supra, where we again affirmed and adhered to the "fairly debatable" rule  from which we have not since departed  we said [71 So.2d 150]:
"The effect of the trial court's ruling was to hold that the ordinance was unreasonable and not `fairly debatable'. In so holding did he properly appraise the evidence? In its highly controversial state did the trial court substitute his judgment for that of the City Council, and under the circumstances was he warranted in doing so? The leading case in the country on the question is Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016, but we do not have to leave our own State in search of law to settle the point. In addition to the last cited case, appellant relies on State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114, City of Miami Beach v. Elsalto Real Estate, Inc., Fla., 63 So.2d 495, Segal v. City of Miami, Fla., 63 So.2d 496, and State ex rel. Office Realty Co. v. Ehinger, Fla., 46 So.2d 601. Appellee relies on Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364, and City of Miami Beach v. First Trust Co., Fla., 45 So.2d 681.
"Village of Euclid, Ohio v. Ambler Realty Co. approved the authority of a municipality to promulgate zoning regulations on the theory that the increase and concentration of population has developed and will continually require more restrictions in respect to the use of private property in urban centers. This case also promulgated the doctrine of legislative classification for zoning purposes and declared that if `fairly debatable' it should be upheld. The argument in the case at bar revolves around this doctrine." (Emphasis added.)
Moreover, involved in the Lachman case was the vital question of the effect of a decree concerning ten very substantial portions of land in this questionable area on the entire zoning ordinance of the City of Miami Beach. We recognize the basic responsibility of the City Council in determining the appropriate classification of the property in the City under its zoning ordinances and in weighing this vital point and the fact that the Council of the City has exercised its judgment in declaring the property to be properly zoned for residential estate purposes, we said in that case:
"The amount of property involved is so great that to change its classification would be to necessarily affect the entire general zoning plan of the city. These are matters for the city to settle and adjust and when they enter the picture the Court should not invade the city's authority absent a paramount constitutional right which is not shown in this case." (Emphasis added.)
At the time the Lachman case was pending, we were also considering on certiorari the case of City of Miami Beach v. Kay, Fla. 1954, 71 So.2d 725. The property involved in the Kay litigation lay to the south and adjacent to the property which the City of Miami Beach was seeking to condemn and *476 which is referred to in City of Miami Beach v. Hogan, supra, and City of Miami Beach v. Elsalto Real Estate, Inc., Fla. 1953, 63 So.2d 495. The property involved in the Lachman litigation adjoined the property then being condemned on the north. In the Kay case we held, on certiorari [71 So.2d 726]:
"If and when the title to such lots for park purposes is acquired, we think the case is ruled by the City of Miami Beach v. First Trust Co., last cited. * * * If, however, the City of Miami Beach should fail to acquire the property for park purposes, then this case would be ruled by City of Miami Beach v. Lachman, 71 So.2d 148, * * *"
The effect of that holding at that time and under the conditions then prevailing was to say that if the City of Miami Beach acquired the land it sought to condemn and converted it to park purposes, such land would constitute a buffer zone which would properly separate the hotel and apartment property to the south from the residential area to the north.
The case of City of Miami Beach v. Lachman made its second appearance in this Court in 1956 and was disposed of by per curiam opinion. City of Miami Beach v. Lachman, Fla. 1956, 85 So.2d 226. In the per curiam opinion we acknowledged our familiarity with the history of the zoning litigation of Miami Beach affecting this large area of land and held that in applying the holdings of this Court in the numerous cases referred to therein, and previously discussed here, the bill of complaint failed to state a cause of action and should have been dismissed. It is to be observed, of course, that in that case we were reviewing an order of November 8, 1955 overruling a motion to dismiss a complaint relating to a factual situation concerning the Miami Beach zoning ordinances existing at a time prior to the date of the filing of the complaint.
From the very inception of the litigation involving this large area of land in 1949, every decision which this Court has written concerning it has basically rested upon the proposition that this Court would not substitute its judgment for that of the duly constituted officials of the City of Miami Beach on the question of the use classification of these lands. We have discussed at great length in these cases the "fairly debatable" rule and every case we have decided rested upon this now well established principle of the law of zoning. Cf. City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442. One cannot help but be impressed by the fact, in reading the numerous decisions that we have written on the subject, that every case presented to us was one which invoked weighty consideration in this Court and in which there was a wide divergence of views by the members of the Court. The conclusion is inescapable from these decisions that the scales were tipped in each instance in favor of the City because of the fact that they had exercised the judgment vested in them under law in favor of the single family residence classification.
The City of Miami Beach at the time of oral argument filed in this Court a statement as follows:
"Now Comes the appellant, City of Miami Beach, by its undersigned attorneys, and shows unto the Court that on the 17th day of April, 1957 the City Council of said City passed and adopted an ordinance amending Ordinance No. 289, commonly known as the `Zoning Ordinance of Miami Beach, Florida', so as to permit the owners of the land which is the subject matter of the above styled causes to be used in such a manner as will permit the construction thereon of apartments or hotels, a certified copy of said ordinance being attached hereto."
Attached to the statement is a certified copy of such amended ordinance of the City of Miami Beach, the provisions of which, so *477 far as they concern the land in this litigation and, as we understand it, all of the large section of ocean front lands which so long have been in litigation permit the use of such lands for hotels and apartments in conformity to the provisions of the decree of the trial court which is now before us for review. The oral argument on this appeal was made not by counsel for the City but by counsel for the intervening property owners owning land in the affected area.
The principal point raised on the appeal and argued by appellant intervenors is completely undermined by the enactment of the amendatory ordinance. The basic contention of appellants in this appeal is that the reasonableness of the ordinance of the City of Miami Beach, (original ordinance No. 289 of 1930) which was declared void and unenforceable by the trial court, being "fairly debatable", the decree of the trial court holding the ordinance unconstitutional must be reversed in accordance with the previous holdings of this Court in the numerous cases which we have cited and discussed. Now that the ordinance of the City of Miami Beach classifies this property for use as hotel and apartments, the very argument made by appellant necessarily leads to an affirmance of the decree of the trial court. Cf. Gadsden County v. Kerce, 1940, 141 Fla. 596, 193 So. 772; Moody v. Volusia County, 1927, 93 Fla. 1115, 113 So. 563. Also see I Florida Law and Practice  Appeals Sections 181, 182. The city fathers have determined, as they were directed to do in the decree here under review, that the ordinance which restricted this property to residential use is not warranted and have provided other uses therefor. The record reveals no basis on which we would be authorized to upset the decree nor anything that would be accomplished by doing so.
Another point urged by appellants is that under the doctrine of res judicata and stare decisis the matters and things set forth in the several complaints were foreclosed by the prior decisions of this Court. We cannot agree with this contention.
Without entering into an extended discussion of the subject, the doctrine of res judicata or estoppel by judgment is one which should be applied in zoning cases with great caution. It is, of course, an essential element, among others, of res judicata, that there be an identity of causes of action and this means an identity of the facts essential to the maintenance of the action. The former decisions of this Court relating to the validity of the zoning ordinance with reference to the lands in the large area under discussion were necessarily based upon the facts existing at that time. In fast growing areas, such as the City of Miami Beach, changes occur with great rapidity; it cannot, therefore, be said that, even where the same parties are involved, an adjudication of the reasonableness of a zoning ordinance at any given time is necessarily res judicata or constitutes an estoppel by judgment in subsequent litigation between the same or different parties. This question was dealt with and discussed by the Wisconsin Supreme Court in Ward v. Prospect Manor Corp., 188 Wis. 534, 206 N.W. 856, 861, 46 A.L.R. 364. In that case the Wisconsin Court pointed out:
"* * * The present decree acts only upon existing facts, and is based upon the conditions presently existing in the neighborhood. If and when conditions change, the court will have power to deal with such changed conditions without any embarrassment by reason of this decree. This decree declares the rights of the parties as they exist by reason of the present situation. It cannot affect a changed situation which may arise in the future. We do not think it necessary that the decree specifically authorize modifications as conditions in the neighborhood change. A decree or judgment disposes of the rights of the parties as they presently exist and as they appear from the evidence in the case."
*478 On the same point, in the case of People v. Ocean Shore R. Inc., 32 Cal.2d 406, 196 P.2d 570, 578-579, 6 A.L.R.2d 1179, the California Court said:
"* * * The doctrine does not apply, however, where there are changed conditions and new facts which did not exist at the time of the prior judgment. See Guardianship of Snowball, 156 Cal. 240, 242, 104 P. 444; Timm v. McCartney, 9 Cal. App.2d 230, 235, 49 P.2d 315; 15 Cal.Jur. §§ 201, 214, pp. 154, 179. In the present case the facts are not the same, and the Spring Valley decision is not res judicata. * * *"
Even if all of the parties were identical, which they are not in these consolidated cases, and even if the action related to the same lands as in the former cases, which it does not, the record reveals changed conditions at the time of the entry of the decree appealed from which would render inoperative and inapplicable the principle of res judicata urged by the appellant.
Nothing in this opinion is to be construed as passing on the effect of the ordinance adopted by the City of Miami Beach on April 17, 1957 except insofar as it applies to the particular property involved in this appeal.
Moreover, the evidence in this record has been carefully examined by us and we think the conclusion is inescapable that, under the conditions existing as to the lands involved in this litigation at the time the chancellor entered his decree, the conclusion he reached is without error and should be affirmed, regardless of the subsequent enactment of the ordinance after the date of the final decree.
The decree entered in these consolidated cases is hereby affirmed.
TERRELL, C.J., HOBSON, ROBERTS, and THORNAL, JJ., and JONES, Circuit Judge, concur.
THOMAS, J., not participating.