110 So.2d 87 (1959)
BESSEMER PROPERTIES, INCORPORATED and Suburban Miami Investment Corporation, Appellants,
v.
MIAMI SHORES VILLAGE, Appellee.
No. 58-472.
District Court of Appeal of Florida. Third District.
March 12, 1959.
Rehearing Denied April 3, 1959.
Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellants.
Anderson & Nadeau, Miami, for appellee.
MILLEDGE, STANLEY, Associate Judge.
The appellants are the owners of two non-contiguous tracts of land in the Village of Miami Shores, fronting on U.S. Highway # 1 which at this point carries a high volume of traffic  over 30,000 vehicles daily. The volume of traffic is one of the facts upon which the appellants relied. The land is zoned by ordinance 270, under classification designated as R-20, which permits the following uses:
1. Single family dwellings with a minimum cubage of 20,000 feet;
2. Place of worship;
3. Public schools;
4. Parks, playgrounds and accompanying uses;
5. Homes, professions and offices;
6. Home occupations;
7. Tilling of the soil;
8. Incidental signs;
9. Subject to approval of the Village Council:
(a) Private schools;
(b) Public utilities.
The owners, wishing to use the land for hotels or motels, attacked the ordinance as an unreasonable restraint upon the use of the land. After a two-day trial, the chancellor found that the unreasonableness of the ordinance was fairly debatable, since there was competent evidence on both sides of the issue, and dismissed the complaint. We conclude that this decree is correct.
We agree with appellants that where there is no basis whatever for the zoning limitation upon the use of the land, then the restriction is arbitrary and unreasonable and the court is justified in upsetting the ordinance. Lippow v. City of Miami Beach, Fla. 1953, 68 So.2d 827. However, such facts do not exist in the present case. The chancellor found that there was competent *88 evidence to sustain the ordinance. It does not matter that there was competent evidence against the reasonableness of the ordinance, for such evidence might well have sustained the position of the village council had it enacted an ordinance to permit motels on the land in question or amended the existing ordinance to permit such use. Such legislation, under either proposition, could not be said, as a matter of law, to be unreasonable.
Since the reasonableness of the ordinance is fairly debatable, the court may not substitute its judgment for that of the municipal council. City of Miami Beach v. Silver, Fla. 1953, 67 So.2d 646; City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473; Town of Surfside v. Abelson, Fla. App. 1958, 106 So.2d 108.
The chancellor was correct in applying this principle by dismissing the complaint. The decree appealed from should be and it is hereby affirmed.
Affirmed.
HORTON, Acting Chief Judge, and PEARSON, J., concur.