**COLE, et ux v. CITY OF MIAMI BEACH, et al.**

No. 58 C 1609.

Circuit Court, Dade County.

September 26, 1960.

Morris Berick, Miami Beach, for plaintiffs.

Joseph A. Wanick, City Attorney, Miami Beach, for defendants.

ROBERT H. ANDERSON, Circuit Judge.

Initially this court granted the defendants' motion to dismiss the complaint. It did so because it felt that the complaint did not state a cause of action and that the court was being asked to substitute its judgment for that of the city council in contravention of well settled rules on this subject.

On appeal, the court of appeal reversed. It said that this court was in error and that the complaint alleging that the ordinance changing the zoning of the lots in question so as to permit their use for apartments or hotel sites was so vague and indefinite, that a legal construction of it was impossible; that it would permit uses inconsistent with those permitted in the subdivision; that it was in reality spot zoning and not harmonious with zoning for the remainder of the subdivision and that it deprived plaintiffs, who had used their own lots in the subdivision for single family purposes, of property without due process of law, stated a cause of action.

Thereupon, this court, acting in obedience to the mandate of the court of appeal, vacated the prior judgment, required the defendants to answer the complaint and took voluminous testimony from the parties.

The court is still of the opinion that it is wholly unable to decide this case any other way than by substituting its judgment for that of the city council as to how this property should be zoned. This is not the function of the court. The Florida courts, including the Court of Appeal for the Third District, have repeatedly so held and disapproved trial courts doing this very thing on innumerable occasions. They have said that if the court did so, it would become a zoning board for each municipality in the state. City of Miami Beach v. Silver, Fla. 1953, 67 So. 2d 646; City of Miami Beach

v. Prevatt, Fla. 1957, 97 So. 2d 473; Town of Surfside v. Abelson, Fla. App. 1958, 106 So. 2d 108; Bessemer Properties, Inc. v. Miami Shores Village, Fla. App. 1959, 110 So. 2d 87, 88.

If this court is to guess about the matter, it will do so, but as far as deciding the right or wrong of the action of the city council of Miami Beach in rezoning, especially when the city council has passed on it both ways, this it is unable to do.

Accordingly, it is the judgment of the court that the complaint be and it is hereby dismissed at the cost of the plaintiffs.