### BLANK, et al v. TOWN OF LAKE CLARKE SHORES.
No. 61-C-364.

Circuit Court, Palm Beach County.

July 27, 1962.

Ralph J. Blank, Jr., and Kirk Sullivan, both of West Palm Beach, for plaintiffs.

Paty, Downey & Lewis, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

In this suit plaintiffs attack the zoning ordinance of defendant town. The complaint consists of two counts.

Count one attacks the validity of the ordinance as applied to all properties within the municipality upon the grounds that said ordinance establishes only one use district and that said ordinance is arbitrary and unreasonable and is not a proper exercise of the police power.

Count two attacks the zoning ordinance as applied to a particular portion of the property owned by plaintiffs within the municipality. Plaintiffs allege that due to the size, shape and location of their particular property it is unsuitable and unusable for any of the permitted uses under the ordinance and that the use restrictions as applied to such portion of plaintiffs' property are not reasonably related to the public health, welfare, morals and safety.

On April 16, 1955 the municipality of the "Town of Lake Clarke Shores" was created under the general laws of the state of Florida. The ordinance in question was adopted by the "Town of Lake Clarke Shores" on November 12, 1956. On July 1, 1957, the

"Town of Lake Clarke Shores" was dissolved and the "Town of Lake Clarke Shores, Florida" was created by special act of the Florida legislature, chapter 57-1478. The special act provided that the ordinances of the former "Town of Lake Clarke Shores" should be and remain the ordinances of the "Town of Lake Clarke Shores, Florida" until amended or repealed by the town council of the new town.

Plaintiffs have owned the property in question since April 16, 1956.

The ordinance in question restricts the use of all property within the municipality to the following — (a) Single family dwelling of a minimum of 1,200 square feet. (b) Public buildings including only libraries, town hall, fire and police stations. (c) Churches. (d) Publicly owned and operated parks and playgrounds. (e) Accessory buildings customarily incident to the above uses but not involving the conduct of a business.

The ordinance further establishes setback lines, and for a method of obtaining exceptions to the same in appropriate cases.

The municipality is approximately three miles long in a north-south direction and one-half mile wide in an east-west direction. The west boundary of the municipality is Fla-Mango Road. Forest Hill Boulevard bisects the town in an east-west direction and extends westerly into unincorporated areas and easterly through the municipality into the city of West Palm Beach. Plaintiffs' property described in count two is located on the northeast corner of the intersection of Forest Hill Boulevard and Fla-Mango Road. Property fronting on Forest Hill Boulevard west of the municipality is zoned for commercial uses by Palm Beach County, and property on Forest Hill Boulevard east of the municipality and in the city of West Palm Beach, is used principally for residential purposes. According to the 1960 federal census the municipality had a population of 1,297 residents. At the time the ordinance in question was enacted a public hearing was held and a vast majority of the residents who made their wishes known favored its adoption.

While plaintiffs' property does have a market value for residential use, it is much more valuable for commercial purposes. There is no evidence showing the unadaptability or lack of market value of plaintiffs' property for any of the permitted uses under the ordinance other than residential. All property fronting on Forest Hill Boulevard within the municipality has a market value of $150 to $200 per front foot for commercial use and a market value of $30 to $40 per front foot for residential use. The latter value is commensurate with that of other properties in the town.

Forest Hill Boulevard is already heavily traveled, and the establishment of commercial uses on Forest Hill Boulevard within the municipality would increase the traffic congestion.

If plaintiffs' property were put to a commercial use the market value of the adjoining properties as presently zoned would be adversely affected. Undoubtedly such adjoining property would have to be treated similarly to plaintiffs' and on and on as to other property until the entire zoning pattern of the municipality would be destroyed. Ample commercial facilities located outside the municipality are conveniently and readily accessible to its inhabitants and there is no demonstrable public need for the same in the town itself.

The Florida appellate courts have previously considered most of the legal questions involved here. The reasonableness of the ordinance as applied to the factual situation of this case must be determined by keeping the accepted rules applicable to cases of this type in mind, i.e., the ordinance is presumptively valid. City of Miami Beach v. Ocean & Inland Co., 3 So.2d 364. There is a presumption that in the adoption of the ordinance there was found to exist by the town council such facts as justified the establishment of the ordinance and the exclusion therefrom of all uses save those expressly permitted therein. City of Miami Beach v. Hogan, 63 So.2d 493; City of Miami Beach v. Silver, 67 So.2d 646. One who assails the validity of a zoning ordinance must carry the burden of both alleging and proving the invalidity of the ordinance, and this burden is an extraordinary one. City of Miami Beach v. Silver, supra. Legislative intent will be sustained if the validity of the ordinance is fairly debatable. City of Miami Beach v. Wiesen, 86 So.2d 442; City of Miami Beach v. Lachman, 71 So.2d 148; State ex rel. Office Realty Co. v. Ehinger, 46 So.2d 601. An ordinance may be said to be fairly debatable when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction. City of Miami Beach v. Lachman, supra. The court may not substitute its judgment for that of the legislative body. City of Miami Beach v. Ocean & Inland Co., supra; City of Miami Beach v. Lachman, supra.

In City of Miami Beach v. Wiesen, supra, the court said — "It is evident that if the subject property be rezoned to business, the property to the north and across the street would have to be treated similarly and on and on as to other property until by a process of 'judicial erosion', the entire zoning plan would be destroyed. This situation illustrates more than any other the wisdom of the rule that courts should not substitute their judgment for that of the zoning authorities in matters of this kind."

In cases such as this, regrettably there is often a financial loss of the potential value of the individual's property. The fact that plaintiffs' property is much more valuable for commercial use than for single family dwellings does not conclude the point but is only a factor to be considered and weighed against the public welfare or the effect on the community at large. City of Miami Beach v. Lachman, supra.

In sustaining the validity of a zoning ordinance, the United States Supreme Court, in Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 389, 47 S. Ct. 114, 118, 71 L.Ed. 303, 311, 54 A.L.R. 1016, 1025 said — " * * * Such laws may also find their justification in the fact that, in some fields, the bad fades into the good by such insensible degrees that the two are not capable of being readily distinguished and separated in terms of legislation. In the light of these considerations, we are not prepared to say that the end in view was not sufficient to justify the general rule of the ordinance, although some industries of an innocent character might fall within the proscribed class."

It is not, per se, arbitrary and unreasonable for a small community in a proper location to restrict the use of the property located therein in such a manner as to preserve the residential character of the town. Gignous v. Village of Kingsport, 99 N.Y.S. 2d 280; Valley View Village v. Proffett, Ohio, 221 F.2d 412; Connor v. Township of Chanhassen (Minn.), 81 N.W.2d 789; Village of Westbury v. Poster, 83 N.Y.S.2d 148.

This very point was raised in Valley View Village v. Proffett, Ohio, supra, and in sustaining the municipality's right to so zone its property the court said —

"Traditional concepts of zoning envision a municipality as a self-contained community with its own residential, business and industrial areas. It is obvious that Valley View, Ohio, on the periphery of a large metropolitan center, is not such a self-contained community, but only an adventitious fragment of the economic and social whole. We cannot conclude as a matter of law that an ordinance which places all of the area of such a village into a residential district is per se arbitrary and unreasonable, with no substantial relation to the public health, safety, morals or general welfare. It would appear contrary to the very purposes of municipal planning to require a village such as Valley View to designate some of its area for business or industrial purposes without regard to the public need for business or industrial uses. The council of such a village should not be required to shut its eyes to the pattern of community life beyond the borders of the village itself. We think that it is not clearly arbitrary and unreasonable for a residential village to pass an ordinance preserv-

ing its residential character, so long as the business and industrial needs of its inhabitants are supplied by other accessible areas in the community at large."

Under all the circumstances it cannot be said that the restrictions placed upon plaintiffs' property are not reasonably related to the public welfare. The question is at least "fairly debatable" and under such circumstances the court is not authorized to substitute its judgment for that of the legislative body of a municipality.

At some future time it may become necessary for the community to change its present zoning laws because of a need for revenue from taxes or because of a change in conditions, but this determination is for the legislative body of the town acting reasonably and not for the court.

It is, thereupon, ordered, adjudged and decreed that the complaint be and the same is hereby dismissed with costs to be taxed upon hearing after notice.