PER CURIAM.
The appellant Grovpac has taken this appeal from a final order of the Circuit Court of Dade County which denied its petition for certiorari. Originally, the Zoning Appeals Board had approved the appellant’s application for an unusual use of its property, to-wit: a mobile home trailer park. The decision of the Zoning Appeals Board granted certain variances and special exceptions to the existing ordinance. This ruling was appealed to the Metropolitan Dade County Board of County Commissioners, and that body reversed the original decision of the Zoning Appeals Board. The appellant thereupon filed its petition for certiorari in the Circuit Court of Dade County, which, having been denied, has led to this appeal.
We have carefully considered the record, all points on appeal, briefs and arguments of counsel and have concluded that the Circuit Court was correct in denying the petition for certiorari. The Metropolitan Dade County Board of County Commissioners denied, without prejudice, the appellant’s application for unusual use of its property (as a mobile home trailer park) and also denied the requested variances and *417 special exceptions. It is our holding that said denial was amply supported in law and fact. In City of Miami Beach v. Silver, Fla.1953, 67 So.2d 646, the Supreme Court stated:
“One who assails [a comprehensive zoning ordinance] must carry the burden of both alleging and proving that the Municipal enactment is invalid, [emphasis by the court] (Citations omitted.) The burden of one who attacks such an ordinance has been called an extraordinary one. (Citations omitted.)” Id., at 647.
Our decision should not be construed as a holding that this court either approves or disapproves of the future use of this property as a mobile home trailer park.
No error having been made to appear, the order appealed is affirmed.
Affirmed.