**CITY OF MIAMI v. LEO ROSEN and J. O. SAUL**

10 So. (2nd) 307                    Division A
November 3, 1942

678

J. W. Watson, Jr., and Wm. W. Charles, for plaintiff in error.

David B. Newsom, for appellee.

WHITFIELD, J.:

Property owners sought and obtained injunctive relief from a zoning ordinance alleged to be discriminatory and unconstitutional as it affects described property of plaintiffs below in Class B-1 of the zoning ordinance, which property, it is claimed, should have a zoning status as favorable as property in Class B-3.

The prayer is:

"That an interlocutory injunction issue, restraining and enjoining the defendant, City of Miami, its agents, officers, servants and employees from interfering with or in any wise attempting to restrict the use of the above described property to the uses of classification B-1 of the aforesaid ordinance, or to any classification less liberal than B-3 thereof, and that upon final hearing said injunction be made perpetual.

"That the Court will make and enter its permanent order declaring that ordinance number 1682 of the City of Miami, Florida, insofar as it purports to restrict the use of plaintiffs' property to B-1 classification, or to any classification less liberal than B-3, as defined in said ordinance, is arbitrary, unwarranted, unconstitutional and void, and canceling the aforesaid restrictions imposed against the lands described as

clouds upon plaintiffs' title, and that this Court will further, by its mandatory order, direct that the City of Miami, its agents, officers, servants and employees, permit the use of plaintiffs' property above described under the B-3 classification, for use for liberal business and commercial purposes, providing that the plans and specifications for such structures, otherwise comply with the building code of the City of Miami, as it now exists, or as hereafter may reasonably be adopted."

The decree of the circuit court contains the following:

"2. That the zoning of plaintiffs' property described as follows, to-wit:

"Lot Two (2) less West thirty (30) feet thereof of Block Two (2) San Jose, a subdivision of the north half of the north half of the north quarter of section 36, Township 53 South, Range Forty-one (41) East, according to the plat thereof in Plat Book 3, Page 158 of the Public Records of Dade County, Florida, also excepting therefrom those portions thereof which have heretofore been dedicated to the City of Miami for the widening of N. E. 19th Terrace.

"Under the B-1 classification of ordinance No. 1682 of the City of Miami, Florida, is arbitrary, discriminatory, unreasonable, unjust and unconstitutional and bears no substantial relation to public morals, health, safety and welfare and is confiscatory in character and is an arbitrary exercise of the zoning power possessed by said city.

"3. That the zoning of the above described property under any classification less liberal than the B-3 classification of said ordinance is unreasonable.

"4. That the defendant City of Miami, its officers, agents and employees are hereby perpetually restrained and enjoined from restricting the use of the above described property to any classification less liberal than B-3 classification under said ordinance No. 1682.

"5. That the restrictions of said ordinance No. 1682 of the City of Miami, Florida, insofar as it purports to restrict the use of plaintiffs' said property to B-1 classification or to any classification less liberal than B-3 as defined in said ordinance, constitutes a cloud upon plaintiffs' title to said property, and are hereby cancelled.

"6. That said defendants City of Miami, its agents, officers, servants and employees are hereby directed to permit the use of plaintiffs' above described property under the B-3 classification of said ordinance for use for liberal business and commercial purposes, as set forth in said classification in said ordinance No. 1682."

The City appealed.

Municipalities in Florida are not subdivisions of the State as are counties. Secs. 1, 2, 3, Art. VIII, Constitution. Municipalities are established in separately described areas containing inhabitants whose interests require special local governmental activities not afforded by State and county units. Municipalities have limited governmental authority and may have corporate functions under statutory regulations. See Sec. 8, Art. VIII, Sec. 34, Art. V. Upon appropriate statutory authority, municipalities may by ordinances duly adopted provide municipal governmental regulations, define municipal offenses and prescribe penalties by fine and imprisonment for violations of city ordi-

nances and regulations. Such ordinances generally have the force of law within the limits of statutory and applicable organic limitations.

A city ordinance is municipal legislation that is authorized by statute under Section 8 of Article VIII of the State Constitution. Municipal ordinances do not have the governmental dignity and force of legislative enactments, but when they are duly adopted under legislative authority and do not in their enactment, their terms or their operation violate applicable provisions of organic or statutory law or public policy and are reasonable, such ordinances are of greater governmental force and efficacy than are the acts and orders of municipal administrative boards that may be created or regulated by municipal ordinances pursuant to valid legislative authority.

When a municipal ordinance is duly challenged as to the legality of its provisions, such validity is determined by due consideration of the authority under which it is adopted, and, if need be, the passage and terms of the ordinance or its operation, may be considered in connection with the controlling law, whether it be organic or statutory, public policy, or the required standard of reasonableness.

Municipal administrative boards may proceed in their official functions only as and in the manner authorized by applicable law; and all actions of such municipal administrative boards must be in accordance with authority duly conferred and must be both legal and reasonable and not arbitrary or capricious.

All municipal ordinances and regulations as well as the orders or regulations of municipal administrative boards are subject to authorized judicial review, to the end that all governmental official action shall be

kept within the law by one of the three departments of the State government under Article II of the Constitution, and that right and justice shall be administered by due course of law pursuant to Section 4, Declaration of Rights, Constitution. See Nelson v. Lindsey, filed October 23, 1942.

A recent opinion of this Court contains the following:

"It is fundamental that one may not be deprived of his property without due process of law, but it is also well established that he may be restricted in the use of it when that is necessary to the common good. So in this case we must weigh against the public weal plaintiff's rights to enjoy unhampered property acquired since the enactment of the ordinance. Such restrictions must find their basis in the safety, health, morals or general welfare of the community. State v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406; Zahn v. Board of Public Works, supra.

"In judging the merits of a controversy of this kind the facts peculiar to the particular case will govern (Blitch v. City of Ocala, supra) and the court will not substitute its judgment for that of the legislative body of the City. Miller, et al., v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479. In view of the nature of Miami Beach it is not important to consider here the indispensability of the restrictions to the health, the safety, the morals of the community but only their necessity to the general welfare. We do not comprehend how it can be successfully urged that the maintenance of safety, health or morals are involved but only whether in the circumstances in this particular case the restrictions are so unnecessary to

the general welfare of the inhabitants that the curtailment of the rights of the plaintiff are unreasonable and arbitrary.

"We will determine the reasonableness of the regulations as applied to the factual situation meanwhile keeping before us the accepted rules that the court will not substitute its judgment for that of the city council; that the ordinance is presumed valid (State v. City of Jacksonville, supra) and that the legislative intent will be sustained if 'fairly debatable.' Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A.L.R. 1016."

Principles announced in the above cited case are applicable here. The city has ample statutory authority to adopt reasonable zoning ordinances; and while such ordinances to be valid must be reasonable in their provisions and operation, they are prima facie valid as municipal legislation when they are duly authorized by statutes which conform to organic requirements.

Even when property is acquired subject to a zoning ordinance, if an owner is substantially and unlawfully injured by an unjustly discriminatory zoning ordinance, appropriate judicial relief may be had upon a full showing of unlawful and substantial injury.

A consideration of the entire record does not show an arbitrary exercise of municipal authority which unduly burdens the property rights of the appellees. The law recognizes that it is perhaps impossible to frame a zoning ordinance so as not to restrict the property rights of some owners; and when authority to zone appears, and it is not shown that the authority conferred has been abused to the unlawful injury of property owners, by arbitrary or otherwise unlawful action taken under the guise of conserving the gene-

ral welfare of the city, a municipal zoning ordinance should not be decreed to be confiscatory and unconstitutional in its application to particular items of property. The record and the controlling law do not justify the decree rendered.

While the restrictions imposed upon property owners in zone B-1 might be somewhat burdensome to appellees' property, it is not clearly shown to be unlawfully classified in B-1 so as to fairly require judicial interference. The municipal lawmaking body has ample authority and positive duty to so construct, change or maintain zoning lines of local classifications of property to meet the just requirements of a rapidly growing city without unlawful discriminations; and such authority should be so exercised as to serve the reasonable needs of the city and the public welfare with so little added burden or restriction as possible to any property owners, to the end that the intendments of the law may be observed. It must be assumed that a reasonable and legal classification was intended. Resort to the courts is justified only when substantial property rights have been illegally or arbitrarily invaded and municipal relief from unlawful injury has been denied.

Decree reversed.

BROWN, C. J., BUFORD and ADAMS, JJ., concur.