DREW, Justice
(dissenting).
When all the chaff is blown away, the sole question for decision is whether 2,800 feet of ocean front land in the Town of Hillsboro Beach, all of which is vacant and unimproved except one small parcel, should be zoned for single-family or multiple-family residences. For many years it had been zoned for multiple-family use. In 1952 the Town called in zoning experts to study their zoning problems. These experts, after making a study of the entire area within the Town, stated with reference to this 2,800 feet:
“Serious consideration was given to the removal of the present ‘B’ zone near the center of the Town since this had not been improved with multiple dwelling uses and instead contains only a single-family structure. From many standpoints this would be in the best interest of the community particularly from the standpoint of protecting single-family character and values. However, the present regulations have not been in effect a sufficient period to prove conclusively that the area is not well suited for a rental type of residence and further, property values and assessments have undoubtedly been based on present zoning and inequities might occur if the area was changed. Thus, unless the present owners are willing to have the area placed in an ‘A’ district, it is recommended that the present property zone be continued.”
The foregoing recommendation was made in February, 1953. The following October, after a series of hearings, which in my judgment so far as the appellees are concerned, complied with the requirements of the law with respect to notice, the Town Council-adopted an amendment to the zoning ordinance changing the classification of the 2,-800 feet from multiple-family to single-family uses.
The law has vested in the elected officials of the Town of Hillsboro Beach the power to adopt zoning ordinances. The enactment of such ordinances requires a knowledge of local conditions and involve the exercise of legislative power. If that power is exercised within constitutional and statutory limits, the courts have no right to interfere with it. At best, it involves an exercise of judgment and discretion as to whether this land should be classified for multiple-family or single-family uses. The property owners were required to establish a showing both of an unlawful exercise of authority and a substantial injury to them. City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307. Upon the record presented they have failed completely in each respect. Moreover, this Court, in City of Miami Beach v. Hogan, Fla., 63 So.2d 493, 495, said:
“If the Courts adopt the policy of substituting their judgments for that of city officials, simply because of their refusal to rezone the property in accordance with the wishes of the landowner *465 to increase the value of the land, they will eventually become the zoning boards for every co.unty and municipality in the State.”
I think that was a wise and salutary holding. The records in these cases are such that an affirmance of the judgment of the lower court will amount to no more than substituting our judgments for that of the city officials on the classification to be given a substantial portion of the property in the Town. I think the decree of the lower court should be reversed in both cases.