HORTON, Judge.
The appellee is a member of the City of Miami Police Department and claimed a service connected disability. Pursuant to Section 2-91(6) (a) of the Code of the City of Miami, the appellee filed an application for disability retirement. This section of the Code provides, among other things, that an employee may be retired for accidentally incurred disability provided that the medical board, after medical examination, shall certify that such employee is mentally or physically totally incapacitated for the further performance of duty, etc. Section 2-90 of the Code of the City of Miami provides that the retirement board shall designate a medical board consisting of six physicians and that the appointment of any three of the six members shall constitute the board to serve on each particular medical examination, and that their report and findings shall be final and conclusive. The appellee was examined by a medical board appointed by the retirement board and was found not to be permanently incapacitated. However, at a later date the appellee brought the question before the retirement board, and at a hearing before that body, by a 4-3 vote, the medical board was overruled and the ap-pellee awarded a disability pension.
Some four and a half months after the action of the retirement board, when the fiscal officer of' the board upon advice of the city attorney refused to pay the pension, the appellee instituted a mandamus action seeking to require the retirement board and/or the fiscal officer thereof, to pay the appellee the pension awarded. The alternative writ was issued, a return made thereto, and after final hearing a judgment for a peremptory writ was granted and the writ issued. The appeal here is from the judgment granting the peremptory writ.
The primary issue on appeal is whether or not the appellee has demonstrated a clear legal right to the payment of a disability pension. We conclude that he has not.
The Code of the City of Miami, Section 2-90(12), provides for a medical board and specifically provides that their report and findings shall be binding and conclusive. We have not befen cited to, nor are we aware from the record before us, of any authority vested in the City of Miami Employees’ Retirement System to reject or ratify the *28 findings and report of the medical board. As a matter of fact, we find no provision which permits them to review the report and findings of the medical board. Absent any such right, we fail to see where the appellee could establish clear legal right to the payment of the pension. It is settled law that mandamus is a remedy to command the performance of a ministerial act which the person deprived of has a right to demand. See State ex rel. Eldredge v. Evans, Fla.App.1958, 102 So.2d 403. There must be a showing of a clear legal right to the issuance of the writ and that no other adequate remedy exists. In the face of this, we conclude that the trial judge was in error in awarding the peremptory writ.
Accordingly, the judgment appealed is reversed, and the cause is remanded with directions to dismiss the petition.
Reversed and remanded with directions.