'TILLMAN PEARSON, Judge.
The appellant, City of Miami, was defendant with its Director of Finance to a com■plaint for a declaratory decree brought by lEarl E. Shires, who was a retired police •detective of the City of Miami. The complaint sought determination of Shire’s rights ■under the Employees’ Retirement System. Tie had made application for retirement for :a claimed service-connected disability and ■was granted a pension by the retirement 'board of the City of Miami Employees’ 'Retirement System. The Director of Finance had declined to pay the pension upon ■the ground that the action of the retire-ment board was a void act. After answer 'by the City the final decree appealed was •entered upon a motion of the plaintiff for a judgment on the pleadings. In so ordering :the court stated:
“THE COURT: I am not ruling on the merits of the case. I am ruling that ■you are precluded from denying the ■ decision of the Pension Board at this -.time. That, you have slept on your rights, so to speak, and that you could have appealed it just the same way as ■ any other litigant appeals a matter from an adverse ruling by a quasi-judicial or administrative board.”
In its appeal from the final decree the «City urges first, that it is entitled to a reversal because the action of the retirement '.'board was a void act under the law established in the case of City of Miami v. Groner, Fla.App.1964, 164 So.2d 26. See also Bailey v. Taylor, Fla.App.1964, 164 So.2d 564. By its second point the City urges that the judgment on the pleadings was premature.
In order to determine whether or not this cause comes within the purview of the case above cited, it is necessary to give certain additional facts which appear in this record. It appears from the exhibits attached to the pleadings that the report of the medical board, on the application of appellee, Shires, was to the effect that he was (a) totally and permanently incapacitated for further performance of duty as a police detective; (b) that the disability was not the result of a specific accident occurring in the line of duty; (c) that the disability was not the result of heart disease, hypertension or tuberculosis. Acting on this recommendation the retirement board ratified the finding of. total and permanent incapacity for further performance of duty as a police detective, but approved the application for disability retirement thereby either rejecting the finding of the medical board that the disability was not the result of a specific accident occurring in the line of duty, or rejecting the medical board’s finding that the disability was not a result of heart disease, hypertension or tuberculosis.
City of Miami v. Groner, Fla.App.1964, 164 So.2d 26, was a reversal by this Court of a judgment granting pre-emptory writ of mandamus by which the City had been ordered to pay a pension. Strictly speaking, the decision is authority only for the holding that the appellee (pension claimant and petitioner for the writ) had not demonstrated a clear legal right to the payment of the pension. But. in order to reach the conclusion that a clear legal right had not been demonstrated, it was necessary for the court to determine the legal effect of an order awarding appellee (in that case) a dis- . ability pension.
The factual basis of the decision' in the trial court was parallel in that case and to *24 this one. In each case the appellee is a member of the City of Miami Police Department who claimed a service-connected disability. Each appellee filed a petition for retirement. The appellee in each case was examined by a medical board appointed by the retirement board. In the Groner case the medical board found that he was “not permanently incapacitated.” In the instant case, the medical board found that Shires was not incapacitated as a “result of a specific accident occurring in the line of duty” and that his disability was not “the result of heart disease, hypertension or tuberculosis.” In each instance the retirement board overruled the medical board and the appellee was awarded a disability pension. The holding in the Groner case that the appellee had failed to demonstrate a clear legal right to the performance of the ministerial act (payment of the pension) could only have been reached upon a holding that:
“The Code of the City of Miami, Section 2-90(12), provides for a medical board and specifically provides that their report and findings shall be binding and conclusive. We have not been cited to, nor are we aware from the record before us, of any authority vested in the City of Miami Employees’ Retirement System to reject or ratify the findings and report of the medical board. As a matter of fact, we find no provision which permits them to review the report and findings of the medical board.”
Under these circumstances, it is necessary to delineate the area in which the medical board’s findings may be changed by the retirement board. As determined in the Groner and Taylor cases, the findings of the medical board on a medical question may not be changed by the retirement board. It therefore becomes necessary to determine whether or not the action of the retirement board was on a medical question or on a question of fact unconnected with the necessity of medical findings.
We have previously pointed out that there were two bases upon which the retirement board could have determined that Officer Shires was entitled to a pension. The first of these requires a determination of whether the disability is a result of a specific action occurring in line of duty. It is apparent that this is a medical matter since the relationship of any accident to a disability must be medical. We do not mean by this holding to imply that the question of whether an accident occurred' would be a medical matter, but we hold that the relationship of an accident to a disability is a medical determination.
 The second possible determination mentioned above is that the disability was a result of heart disease, hypertension or tuberculosis. It is apparent that this is a medical matter. Therefore, it affirmatively appears from this record that in order to grant Officer Shires a pension, it was necessary for the retirement board to assume authority it did not have. Municipal administrative boards may proceed in their official functions only as and in the manner authorized by applicable law; and all actions of such municipal administrative boards must be in accord with authority duly conferred. City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307. Therefore the determination of the trial judge must be reversed and this cause remanded for the entry of a decree for the defendant, City.
Having concluded that reversible error was shown under appellants’ first point, we need not consider the second point presented. The decree on the pleadings is reversed with directions to proceed in accordance with the views herein set forth.
Reversed and remanded.