HENDRY, Chief Judge.
This is an appeal from a final order of the Circuit Court of Dade County quashing on rehearing a peremptory writ of mandamus and dismissing the petition.
The petitioner, a police officer, instituted mandamus proceedings against the respondent, as Director of Finance for the City of Miami, to compel payment of disability benefits awarded to him by the City of Miami through its retirement board. Petitioner filed his application for disability pension and submitted himself to the Medical Board of the Retirement System for examination. The Medical Board found him to be permanently and totally disabled due to heart disease, but that his disability was not the result of an accident. Thereafter, the retirement board, after taking testimony, found that an accident had occurred, and thereby granted the petitioner an accidental disability pension.
The respondent refused to make payment in accordance with the retirement board’s award, and the mandamus proceeding followed. The trial judge in his order quashing the writ and dismissing the petition set forth that:
“1. IT IS ORDERED AND ADJUDGED, that the Medical Board of the Retirement System has the authority, pursuant to Ordinance 2-90 (12),[1] to make findings, which findings shall be final and conclusive.” (Footnote supplied)
“2. IT IS ORDERED AND ADJUDGED, that the Pension Board of' the Retirement System does not have-the jurisdictional authority, pursuant to Chapter 2 of the Retirement Ordinance, to overrule the findings of the-Medical Board as to the causal relationship between an accident and a disability.
“3. IT IS ORDERED AND ADJUDGED, that the Petitioner herein is. not entitled to the benefits of an accidental disability pension whereby he-would receive a two-thirds disability-pension and the other emoluments arising therefrom.
“4. IT IS ORDERED AND ADJUDGED, that the Peremptory Writ of Mandamus issued the 24th day of February, 1964, be and the same is. hereby dismissed, and that the Respondent herein is entitled to a Final Order in his favor, and that the Petitioner go hence without day.”
The trial judge’s order is consistent with our holding in City of Miami v. Shires, Fla.App.1964, 167 So.2d 22. No error having-been made to appear, the order appealed is, affirmed.
Affirmed.

. The pertinent part of which reads:
“(12) * * * Each applicant for disability retirement shall be referred to any three of the six appointees for examination and report, and the three appointees designated by any sucb reference shall constitute the medical board in such case, and their report and finding shall be final and conclusive, * * *»