PER CURIAM.
Prior to 1964, the appellant was employed by the City of Miami as a uniformed policeman. In November of that year he was granted an ordinary disability, in accordance with the applicable provisions of the ordinances and rules pertaining to the classified service. Thereafter, in 1967, the appellant applied for a reexamination by the Medical Board, in order to seek reinstatement as a police officer pursuant to the provisions of Ch. II, § 91(11) of the City Code.[1] By a split decision, the Medical Board indicated he was fit to return to duty. This recommendation was passed on to the Retirement Board, who notified the Civil Service Board that it accepted the recommendation of the Medical Board. The Civil Service Board refused to reinstate the appellant because he did not satisfactorily pass a medical examination by the City physician.[2] The appellant then instituted the action in the trial court, seeking a declaration of his rights and an *412 order requiring the City to reinstate him as a uniformed police officer. Following final hearing, the trial court dismissed the complaint with prejudice and this appeal ensued.
The ordinances, rules, and regulations of the City of Miami applicable to this matter are not entirely clear. The appellant relies heavily on this court’s opinion in City of Miami v. Groner, Fla.App.1964, 164 So. 2d 26, wherein this court held that [for retirement purposes] the action of the Medical Board was final and the classified employee involved was entitled to retirement status. The appellant contends that it should likewise be true that when a medical board finds a retired person fit to be returned to duty its action should be final and he should automatically be readmitted to the classified service. We do not agree.
Although the action of the Medical Board may be sufficient to automatically retire a member of the classified service which removes a police officer from duty, this is entirely different from determining whether a person occupying retirement status is fit to return to duty in a hazardous occupation. We hold that the trial court was correct in dismissing the appellant’s complaint and that, for purposes of re-employment by the City of Miami as a police officer, the effect of the ruling by the Medical Board was no more than to remove any disability the appellant might have been suffering as to employment as a police officer and, by its ruling, the Board merely returned the appellant to the status or eligibility where he could apply for employment again with the City, which would necessitate an examination by the City physician.
Wherefore, the final judgment hereunder appealed is hereby affirmed.
Affirmed.

.
“Re-examination of Beneficiaries Retired on Account of Disability.
“(11) Once each year during the first five years following retirement of a member on a retirement allowance for disability and once in every three-year period thereafter, the board may, and upon his application shall, require any disability beneficiary who has not yet attained the minimum age at which his group is eligible for service retirement to undergo a medical examination, * * * ”

. Rule VI, Section 3.
“h. Medical Examination. This part is required to determine that the applicant is physically capable of performing efficiently the duties of the position and is free from such defects or diseases that would constitute employment hazards to themselves or endanger the safety or welfare of fellow employees or others.”
Rule XIV, Section 7.
“That employees who have been determined by the City Physician or by the *412 Retirement Board to be disabled in the line of duty and who cannot perform the duties of their regular classification, may, if they so elect, subject to the approval of the Civil Service Board, the City Manager and after a ‘physical examination by the Oity Physician, be given consideration by the Civil Service Board for transfer to vacancies in entrance positions for which said employees meet the minimum requirements without any further examination.” [Emphasis added.]