PER CURIAM.
Appellant seeks review of a final judgment dismissing its complaint for declaratory and injunctive relief with prejudice against the appellee city for failing to rezone appellant’s property.
*25 In March of 1968, the appellant entered into a contract to buy the subject property from the city. Within the agreement was a provision calling for the city to rezone the property from District 4 (public park) to 1-B-l, multiple family dwellings more than 40 feet in height. The facts surrounding that particular agreement and provision are aptly set out in this court’s opinion in New Products Corp. v. City of North Miami, Fla.App.1970, 241 So.2d 451, and need not be repeated here. Suffice it to say that the agreement to sell was upheld, but the provision contractually obligating the city to rezone was not. Subsequently, appellant bought the property and applied for the rezoning of same to RM-2 (multiple family dwellings less than 40 feet in height). The application was denied by the zoning board and the city council. Thereafter, appellant instituted this action for declaratory and injunctive relief alleging that the present zoning classification of appellant’s property was unconstitutional, arbitrary and unreasonable and praying for the rezoning of the parcel and for an order enjoining the enforcement of the present zoning as applied to appellant’s property. Appellee city admitted that the property immediately east and northeast of the subject parcel is zoned District 3-A (industrial), and the property directly to the north, northwest and west of appellant’s is zoned Districts 1-B-l or RM-3, allowing multiple family dwellings in excess of 40 feet in height. To the south of appellant’s parcel, the zoning classification is 1-U-l (light industrial) and l-R-3 (duplex apartments within the city limits of Biscayne Park).
At trial, the appellant presented an abundance of testimony from registered real estate brokers, a traffic expert, and an environmental consultant supporting their contention that such rezoning was both required and feasible without damage to the public health, safety, morals and general welfare. The city presented two witnesses: The Mayor of the city who testified that to his knowledge an expressway was to go through the area, and a witness who photographed the area to show the present use of the surrounding properties was predominantly single family dwellings.
The trial judge recognized that the existing zoning of the property could not remain District 4, public use when he stated:
“3. The Court finds that property owners should be permitted to put their land to the most reasonable compatible use with the surrounding area, and should the governmental unit deny a reasonable use, then the property must be acquired by condemnation or removal [sic] from the tax rolls.”
He then presented the' city with three alternatives, to either rezone the property, acquire it by eminent domain, or remove it from the tax rolls. However, the Chancellor then dismissed appellant’s complaint with prejudice, retaining no jurisdiction to enforce its order to the city. We are of the opinion that the trial judge was in error in dismissing the appellant’s complaint with prejudice and in the alternatives presented to the city.
The present status of the subject parcel is untenable. It is now zoned for public park use only and is owned by a private party. This zoning classification is totally inconsistent with the ownership of the property. As such, it is the duty of the city to rezone the property in a manner consistent with its ownership. Cf., City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307. To leave the subject property in its present classification completely deprives the owner of any beneficial use of his property by precluding all possible uses of same. This cannot be sanctioned by the courts. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642.
*26 We choose not to deal with the remaining issues raised by appellant at this time. In zoning cases, each issue created must be decided as and when it arises. Waring v. Peterson, Fla.App. 1962, 137 So. 2d 268. In the instant case, the main issue of concern is that the subject property is presently incapable of being used for other than a public park and must be rezoned. To this end, we are of the opinion that the trial judge erred in presenting any other alternative to the city. The power of eminent domain was not the subject of the instant cause, and removing the subject property from the tax rolls would not remedy the confiscatory nature of the present zoning classification. In addition, the trial judge erred in dismissing the appellant’s complaint with prejudice since this deprives the court of the power to enforce its orders and renders them mere suggestions that may or may not be followed.
Accordingly, we reverse the dismissal of appellant’s complaint and remand with directions for the trial judge to enter and enforce an order setting a time certain in which the city is to rezone the subject property to an appropriate classification utilizing, the controlling charter provisions and requirements of law relating to such rezoning by a municipality. City of Miami Beach v. Weiss, Fla. 1969, 217 So.2d 836; Hillsborough County v. Twin Lakes Mobile Home Village, Fla.App.1964, 166 So.2d 191. This opinion is in no way meant to divest the city of its usual judgment or discretion in these matters, but is meant to compel exercise of such powers within a specified time.
Neither is it intended to allow the city to claim that the appellant must reapply for rezoning to a particular classification. It is now incumbent upon the city to determine the proper classification for the subject property.
Reversed and remanded with directions.