McCAIN, Justice.
Our jurisdiction over this direct appeal is acquired through the trial judge’s determination of constitutionality of a state statute. Fla.Const. Article V, § 4(2) (1968), F.S.A., Fla.Const. Article V, § 3(b)(1) (1973).
Appellant was informed against on two counts, one for violation of Fla.Stat. § 838.06, F.S.A., (accepting unauthorized remuneration), and the second for violation of Fla.Stat. § 838.071, F.S.A., (giving unauthorized remuneration). The jury acquitted on the first count but convicted on the second count.
Appellant first challenges the constitutionality of Fla.Stat. § 838.071, F.S.A., however, after careful consideration of the record and briefs, our final analysis concludes the statute sufficient to withstand assault.
In reviewing the remaining contentions on appeal, it becomes necessary to recite certain salient evidentiary matters surrounding the alleged violation of Fla.Stat. § 838.071, F.S.A.
Appellant was an employee of the City of Miami Beach, serving as Auditorium and Convention Hall Manager. Ringling Bros. — Barnum and Bailey Combined Shows, Inc., performed there and received a par excellance attendance. Following the event, the promotion director of the show gave $2,500 to the appellant for dis *389 tribution to his employees for extraordinary services rendered. Appellant distributed a total of $500 ($100 going- to one Glassman, and constituting the gift in question). The remaining $2,000 was returned to the promotion director. The $400 distributed by appellant to other employees is not in issue before us. Glass-man thereafter gave his $100 to a charity. Appellant retained nothing.
Fla.Stat. § 838.071, F.S.A., under which appellant stands convicted, reads as follows :
“Unlawful to offer to public officer reward or compensation not authorized by law. — It is unlawful for any person to pay, give, offer or promise to any public officer, agent, servant or employee any reward, compensation or other remuneration other than those provided by law, for the past, present or future performance, nonperformance or violation of any act, rule or regulation that may be or may have been incumbent upon such public officer, agent, servant or employee to administer, respect, perform, execute or have executed; ... Whoever violates the provisions of this section shall be punished by imprisonment in the state prison not exceeding ten years or by fine not exceeding $1,000.00.” (Emphasis added)
During the time in question, the City of Miami Beach had in force and effect, via charter authority, a conflict of interest ordinance, reading in pertinent part:
“If it is impossible or inappropriate to refuse the gift, then it shall be turned over to an appropriate public or charity institution.”
The evidence amply demonstrates that the monies distributed were part of the original $2,500 given by the circus promotion director. When the jury acquitted appellant of “receiving” remuneration but convicted him of “giving” $100 to Glass-man, it becomes obvious that he was only a conduit through which flowed the gratuity from the circus to Glassman. Certainly, appellant did not give his personal funds.
The record equally establishes that gratuities in the thousands of dollars, as a prevalent practice in the City of Miami Beach, have been contributed to the Fire Rescue Squad by citizens satisfied with the work of the city department. So, too, the city manager had advised all employees of the foregoing ordinance relative to acceptance of gratuities and the necessity of donating them to appropriate public or charity institutions.
Even though a municipal ordinance does not have the dignity of a legislative enactment, it does have the force and effect of law within limits of statutory and applicable organic limitations. City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307, 309 (1942). Naturally, an ordinance cannot conflict with any controlling state statute, however, so long as there is no conflict between the two, both will stand. Sub judice, it is equally clear that no conflict exists, and the cited conflict of interest ordinance must be construed in pari materia with Fla.Stat. § 838.071, F.S.A. While the statute prohibits remunerative gifts to employees, subject to the exception “other than those provided by law”, the ordinance nevertheless, having the effect of law, permits receipt of a gift “if it is impossible or inappropriate to refuse” it. In this posture, we conclude that if the receiving of remuneration (if delivered to a charity) where it is impossible or inappropriate to refuse it is permissible, then the “giving” of remuneration under such circumstances should not be deemed impermissible.
Although the record may not demonstrate that it was “impossible” for Glass-man to not receive the $100 from appellant, the evidence clearly fails to establish that his acceptance was “inappropriate” under the ultimate'facts of this case.
For this reason, appellant’s conviction cannot stand, and it becomes unnecessary to consider the remaining points on appeal.
*390 Accordingly, the judgment appealed from is reversed and this cause is remanded with instructions for appellant to be discharged.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.
MASON, Circuit Judge, concurs specially with opinion.