## McNULTY v. TOWN OF INDIALANTIC

No. 79-5182-AP-01.

Circuit Court, Eighteenth Judicial Circuit.

May 17, 1979.

Joseph S. Gillin, Jr., Melbourne, for the petitioner.

William C. Potter, Melbourne, for the respondents.

JOE A. COWART, Jr., VIRGIL B. CONKLING and FRANCES ANN JAMIESON, Circuit Judges, constituted the appellate panel.

PER CURIAM.

A portion of the town of Indialantic is platted into lots bounded on the west by Wave Crest Avenue and on the east by the Atlantic Ocean. In November, 1963, the petitioner, Clifford A. McNulty, purchased four of these lots, each 50 feet wide north and south and approximately 157 feet in depth from Wave Crest Avenue on the west to the mean high water line of the ocean on the east. The bluff or dune line at this location runs north and south, parallel to Wave Crest and the ocean and is approximately 20 feet east of the east line of Wave Crest. These lots are in the town's zoning Tourist District and the authorized uses include single family dwellings. On 20 March 1973 the town adopted a zoning ordinance, Section 28-96(15), relating to ocean front setbacks providing that "All buildings must be set back not less than 25 feet from the bluff line or not less than 50 feet of the mean high water line along the

Atlantic Ocean, whichever is greater." When the petitioner sought a building permit to construct a single family dwelling, the town construed its ordinance to mean that the petitioner's building setback line was 25 feet *west* of the bluff line (which would place the setback line 5 feet into Wave Crest Avenue) and therefore that petitioner would need a variance in order to build. When petitioner applied for a variance the town denied his request. This is a combination statutory and common law certiorari proceeding to review the town's denial of the requested variance.

The town's setback line, referenced as it is to the bluff line rather than, as usual, to the adjacent roadway, as construed by the town, has the effect of completely depriving the petitioner of the beneficial use of this particular property by precluding all uses for which it is reasonably adapted. This setback requirement as applied to the property and other property similarly affected is arbitrary, capricious, discriminatory, confiscatory and invalid. See Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975); Forde v. City of Miami Beach, 1 So.2d 642 (Fla. 1941); City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3d DCA 1967); Lawley v. Town of Golfview, 174 So.2d 767 (Fla. 2d DCA 1965); New Products Corp. v. City of North Miami, 271 So.2d 24 (Fla. 3d DCA 1972); William Murray Builders Inc. v. City of Jacksonville, 254 So.2d 364 (Fla. 1st DCA 1971).

The town defended by saying that the setback line was not invalid because its unreasonable application could be avoided by a variance. This is a most interesting answer to a person whose request for a variance has just been denied. However, the town contends the variance was denied because the petitioner did not provide sufficient documentation to satisfy the board of adjustment or town council.

These arguments illustrate what happens when the zoning concept is subverted. The original and only correct basis for lawful zoning is for the governmental entity, based on an overall plan, to divide relatively large tracts of land into zones in each of which are permitted uses consistent with each other but inconsistent with uses permitted in other zones. Originally only residential, business and heavy industry were separated in urban areas, but during the last few decades large areas of agricultural and vacant lands have also been "zoned" and the basic zoning divisions have been further redefined into innumerable subdivisions of specialized uses and now, either by not providing a place for every lawful activity or by restrictive provisions of one kind or another (such as the setback provision in this case), the landowner often cannot forthwith proceed to make any use of his property without first making an appli-

cation for a variance or a special use. Often also (as provided by Section 28-103 of the town's ordinance) the owner seeking a variance is required to obtain consents from owners within a large radius and the specific consent of adjoining owners. The owner is usually also required to submit any and all plans, specifications and other "documentation" the approving authority may desire relating to the specific use which the owner desires to make at that particular time.

At the hearing on the application the scope of relevancy is whatever the approving authority, or any member thereof, is interested in. This interest often relates to the smallest details of the exact proposed use — details far exceeding any proper concept of zoning, and commonly includes aesthetics, architectural, engineering, construction and safety — details that are covered by building code requirements, ecology factors that are the proper concern of other governmental agencies, and concerns that other owners may likewise seek relief by applying for a variance. The transcript of the proceedings before the town show these matters were considered.

The petitioner's property is apparently adjacent to property owned by the town and used as a public park and beach. Section 28-106 of the town's code states that the application for a variance should be authorized or refused based on "the promotion of substantial justice and the preservation of the public health, safety, morals and general welfare." The transcript also shows that some of those making the decision to deny the requested variance took the view under this broad language that it would just be in the best interest of the town and the public if the petitioner simply did not, or could not, make use of his property or otherwise interfere with the public trespassing on this property to get to the beach. Some call this representing the best interests of the public — others would call it socialism.

In any event, where any zoning requirement prohibits an owner from making any reasonable use of his property, such requirement is invalid and the town should have either modified its setback line so that it did not prohibit all use of the land to which it applied or should have granted a variance from its effect. The federal and state constitutions give the landowner the right to use his property. Once the zoning regulation as applied prohibited all reasonable use, the burden was on the zoning authority to relieve from such unreasonable prohibition and not on the landowner to demonstrate his need of a variance for relief.

As the basis for this decision is that the setback line as applied to the petitioner's property and land similarly situated is invalid, the petitioner does not need a variance and therefore this court

need not issue its writ of certiorari directing the town to reverse its decision denying petitioner's request for a variance. Assuming that the town will now issue the requested building permit, this court withholds any writ or other process but retains jurisdiction to act, upon application, if necessary, to issue a writ of injunction or such other writ or process as may be necessary to require the town to abide this decision.