DAUKSCH, Judge.
Appellants filed suit challenging the actions of the City of Holly Hill and its officials who refused to issue documentation, signed by the appropriate local government official, stating that appellants’ property met local zoning requirements for an adult congregate living facility (ACLF). Such documentation is required by section 400.-411(2)(g), Florida Statutes (1985) in order for appellants to obtain an HRS license to run an ACLF. Appellants first sought a writ of mandamus and damages under 42 U.S.C. section 1983. The trial court dismissed the complaint with leave to amend. Appellants’ amended complaint sought declaratory relief and damages under 42 U.S.C. section 1983. The trial court dismissed this complaint with prejudice.
The trial court erred in failing to issue the writ of mandamus. Appellants have shown a clear legal right to documentation of whether their property is properly zoned and section 400.411(2)(g) indicates a legal duty on the part of the appropriate local government official to sign such documentation. Fasenmyer v. Wainwright, 230 So.2d 129, 130 (Fla.1969); DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957); Hall v. Key, 476 So.2d 787, 788 (Fla. 1st DCA 1985). Mandamus is the proper remedy to compel performance of a ministerial act such as this one. See City of Miami v. State, 164 So.2d 26 (Fla. 3d DCA 1964). Appellants presented proof that the appropriate local government official for the City of Holly Hill had signed such documentation for other city residents seeking an HRS license for an ACLF.
The appellant is entitled to a writ of mandamus so upon remand one should issue to require appellees to issue documentation which will fulfill appellants' needs under section 400.411(2)(g). Appellants’ complaint stated a cause of action under 42 U.S.C. section 1983, so the order dismissing that complaint is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.